UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIM. NO. 4:23-CR-00105 |
| § | |
| SHAQUILE O'NEAL RICHARDS, § | |
| a/k/a Shaquille Richards, a/k/a § | |
| "Shaq," a/k/a "103 Shaq," a/k/a § | |
| "103shaq_isback," § | |
| § | |
| ALEXANDRA ELIZABETH NICKS, § | |
| a/k/a "Bloodbath," a/k/a "Alimo," § | |
| a/k/a "Alamo," § | |
| § | |
| Defendants. § | |

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, respectfully requests that the Court propose the following *voir dire* questions, in addition to the Court's standard questions. In the alternative, the government requests leave to inquire about the following topics and others with perspective jurors.

1. Do you have any physical problems that you feel would interfere with your ability to serve as a juror in this case? Is there anything going on at home or at work that would prevent you from giving this case your undivided attention over the next few days?

2. Please describe any social, political, civic, community or religious groups or organizations in which you participate, and whether you have held any leadership roles in them.

3. To the best of your knowledge, have you, any member of your family, or any close friends, had any experiences with local, state, or federal law enforcement officers besides those

1

   from the FBI or Houston Police Department that left you with strong feelings, positive or negative, about law enforcement officers? If yes, would you be able to put those feelings and experiences aside and render a verdict based on the evidence before you?

4. Have you now, or do you expect to have, a case or claim against, or a dispute with, the United States Government? If yes, would you be able to put the feelings and experiences related to that dispute aside and render a verdict based on the evidence before you?

5. At the end of this case, the judge instructs you on how to weigh the testimony of witnesses. Witnesses in this case will include local police officers and federal agents. Would any of you be more likely to believe the testimony of a police officer, just because that witness is a law enforcement officer? Would anyone be less likely to believe a police officer? Is there anyone who thinks that police officers often lie in order to frame innocent people? Will everyone be able to judge the credibility of police officers who testify just as they would judge any other witness?

6. The judge will instruct you that there is no requirement that the parties present any particular type of evidence, such as scientific or forensic evidence, and that in deliberating, you cannot consider anything that has not been admitted as evidence in this matter. Despite this instruction, will you require the parties to present a particular type of evidence, such as scientific or forensic evidence, before you can decide guilt or innocence?

7. How many of you watch television programs, such as CSI or Law & Order? In many of the episodes of those shows, there are no eyewitnesses to the crimes and therefore, forensic evidence is required. Do you recognize that those television shows are for entertainment purposes only and do not accurately portray how real-life criminal investigations and trials

are conducted? Is there anyone here who would require particular type of forensic evidence such as DNA, fingerprints, or a video in order to reach a decision in this case?

8. Do you or does someone that you live with own a gun? What kind of gun? For what purpose?

9. Do you have particularly strong feelings about firearms or the laws pertaining to firearms that would prevent you from deliberating fairly and impartially in this case.

10. Can you agree to give the parties a fair trial on the Federal charges that are presented in this case and not speculate as to other possible charges?

11. If you hear evidence of facts that may constitute uncharged crimes in Federal Court, will you agree to not speculate as to those charges?

12. In this case, you will likely hear evidence regarding a cooperating defendant, that is, an individual who was caught in a crime and then agreed to cooperate with law enforcement. There is nothing illegal with law enforcement using cooperating defendants. In fact, the use of cooperating defendants is frequently necessary and can serve important law enforcement functions. Some jurors, however, might have objections or concerns about the use of a cooperating defendant such that they cannot follow this Court's instructions on the law.

13. Does any juror have personal beliefs about cooperating defendants that would prevent him or her from fairly reviewing the evidence and following my legal instructions?

14. In this case, you will likely hear evidence regarding a defendant with a "plea agreement." Plea bargaining, as it is called, is perfectly legal and can serve important law enforcement functions. Some jurors, however, might have objections or concerns about plea

agreements and plea bargaining such that he or she cannot fairly evaluate the facts and apply this Court's instructions as to the law.

15. This case also involves a murder, and you may see and hear evidence that someone was killed. This evidence may consist of photographs, videos, and testimony. Is there anyone who feel that they are unable to sit as a juror in this case solely because it involves a murder?

16. Does any juror have personal beliefs about plea agreements that would prevent him or her from fairly reviewing the evidence and following the Court's legal instructions?

17. In this case the Judge is going to instruct you about the law regarding a concept called Aiding and Abetting.

    A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

    A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

18. Is there anyone here who cannot follow this law of aiding and abetting as the Court instructs you?

19. Do any of you know any of the persons that you see here in Court? If so, how do you know them?

20. Have any of you ever been a juror in a civil or criminal case? Without disclosing the results of any of the cases:

    a. How many times? (How many civil/criminal cases)?

Case 4:23-cr-00105    Document 350    Filed on 12/12/25 in TXSD    Page 5 of 9

  b. If a criminal case, what were the charges?

  c. Were you able to reach a verdict?

21. Would anything regarding your prior jury experience make it difficult for you to sit as an impartial juror in this case and to follow the instructions and abide by the law as given to you by the Court?

22. Have any of you, or your relative or close friend, been involved in any lawsuit involving the federal government?

  a. If so, what was the agency with which you had the dispute and the nature of the dispute?

  b. Was the dispute resolved to your satisfaction?

  c. If not, how do you feel about the manner in which the dispute was resolved?

  d. Would anything about that experience prevent you as a fair juror in this case?

23. Have any of you, or has any relative or close friend of yours, ever been arrested?

  a. If so, what was the nature of the offense and its outcome?

  b. Do you think that the police and prosecution officials conducted themselves properly?

  c. Do you have any resentment toward the federal government based on that incident?

  d. Would anything about that experience prevent you from serving as a fair juror in this case?

24. Other than for traffic infractions, such as speeding, have any of you appeared in court for any other reason?

5

25. Have any of you ever had any unfavorable experience with a law enforcement officer or a prosecutor?
    a. If so, would such an experience cause you to have any animosity towards another law enforcement agent or a government prosecutor?
    b. Would anything about that experience prevent you from serving as a fair juror in this case?

26. Do any of you have a relative or close friend who is a criminal defense lawyer?
    a. If so, what is your relationship with that person?
    b. Has that lawyer discussed any of his or her cases with you?

27. Do any of you have a relative or close friend who works in the administration of justice? If so, what is your relationship with that person?

28. Do any of you have any moral, religious or philosophical beliefs that would prevent you from sitting in judgment of, and returning a verdict against, another person?

29. Would you be able to follow the law and apply it, even if you disagree with it?

30. Would you be able to set aside any sympathies, biases, or personal prejudices you may have for or against any of the parties in reaching your verdict?

31. Will you be able to listen to all of the evidence admitted in this case before making up your mind?

32. You will be instructed that you are to arrive at your verdict without any consideration of what the penalty or sentence should be. Are you all capable of considering the evidence and arriving at a verdict without any consideration of the possible penalty or sentence?

33. Is there anything that you feel you need to share in confidence with the Court and the parties regarding your ability to serve as a fair and impartial juror in this case?

34. Have you, any member of your family, or any close friend ever had any personal experience with a gang member or gangs?

    a. To the extent you have any feelings of bias and prejudice because of an individual's association with a gang or gang members, could you put aside those feelings and decide this case based solely on the evidence and not on an individual's association with a gang or gang members?

35. Do you have any knowledge of the 103 (100 % Third Ward) Street Gang or YSB (Young Scott Block) Street Gang?

    a. If so, how did you acquire this knowledge?

    b. Is your knowledge of this gang such that you have a favorable or unfavorable view?

    c. Is there anything about your knowledge of the 103 (100 % Third Ward) Street Gang or YSB (Young Scott Block) Street Gang that would lead to be lean in favor of the defendants or government in this case such that you could not be an impartial juror? If so, what is it?

[SIGNATURES ON NEXT PAGE]

Date:   December 12, 2025.        Respectfully submitted, in Houston, Texas.

NICHOLAS J. GANJEI
United States Attorney

*/s/ Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
Texas Bar No. 3848388
1000 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-567-9000
Email: kelly.zenon@usdoj.gov

*/s/ Jodi L. Anton*
Jodi L. Anton,
Trial Attorney
Department of Justice
Violent Crime and Racketeering Section (VCRS)
1301 New York Ave., NW, Suite 700, Washington, DC 20005
Florida Bar Number 184098

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Proposed Voir Dire was delivered to counsel for the Defendant as listed via e-filing on December 12, 2025.

By: **/s/ Kelly Zenón-Matos**
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
